JUDGE CEDARBAUM

08 CIV 5522

332-08/PJG
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)

RECEIVED
JUN 18 2008
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
BELOVED ENTERPRISES LIMITED,

                        Plaintiffs,

    -against-

PROJECTOR S.A. and
PROJECTOR AISA PTE LTD.,

                        Defendants.
----------------------------------------------------------------x

08-civ-

**VERIFIED COMPLAINT**

Plaintiff, BELOVED ENTERPRISES LIMITED (hereinafter "BELOVED") as and for its Verified Complaint against Defendant PROJECTOR S.A. (hereinafter "PROJECTOR") and PROJECTOR ASIA PTE LTD. (hereinafter "PLTD") (collectively Defendants), alleges upon information and belief as follows:

    1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for breach of maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action

NYDOCS1/307015.1

arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times relevant hereto, Plaintiff BELOVED was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address in Valetta, Malta.

3. At all times relevant hereto, Defendant PROJECTOR was and still is a business entity duly organized and existing under the laws of a foreign country with an address at 35A Regent Street, Belize City, Belize.

4. At all times relevant hereto, Defendant PLTD was and still is a business entity duly organized and existing under the laws of a foreign country with an address at 2 Battery Road, No. 22-01 Maybank Tower, Singapore 049907.

5. On or about March 22, 2007, Plaintiff BELOVED, as Owner, and Defendant PROJECTOR, as charterer, entered into a maritime contract of charter party for the M/V SEAEXPLORER.

6. The charter party was subsequently amended on May 15, 2007 to provide for the carriage of a cargo of gasoline from Amsterdam to Lagos.

7. Pursuant to the charter as amended, the vessel was duly delivered into PROJECTOR's service under the charter, the voyage was performed and demurrage was earned.

8. A payment was made by PROJECTOR but there remains due and owing a balance of $261,183.63, of which Defendant PROJECTOR has admitted that the sum of $256,320.30 is due.

9. Despite due demand, the demurrage remains due and outstanding.

10. Plaintiff BELOVED has fulfilled all obligations required of it under the charter party.

11. The charter party provides for the application of English law and all disputes between the parties are to be resolved by arbitration in London, and Plaintiff BELOVED specifically reserves its right to proceed in arbitration in accordance with the charter party, where arbitration has already been commenced by BELOVED against PROJECTOR.

12. Upon information and belief and at all times materials hereto Defendants PSA and PLTD act interchangeably and on each others behalf in a relationship which renders one the alter ego of the other.

13. Upon information and belief Defendants utilize the same address and telephone numbers in Singapore, act on each other's behalf in guaranteeing or arranging financing for the other as evidenced by issuance of a certain letter of indemnity in a charter party involving the M/V DYNAMIC EXPRESS where PLTD provided and indemnity on behalf of PSA.

14. This action is brought to obtain jurisdiction over Defendants and to obtain security in favor of Plaintiff in respect to its claim and in aid of London proceedings.

15. This action is further brought to obtain security for any additional sums to cover Plaintiff's anticipated attorney fees and costs in the London proceedings and interest, all of which are recoverable as part of Plaintiff's claim under English law.

16. Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorney fees, arbitrators' fees, disbursements and interest are recoverable as an element of Plaintiff's claim.

17. Plaintiff estimates, as nearly as can be computed, that the legal expenses and costs of prosecuting the claim in London will be $130,000 and interest on its damages are estimated to be $57,043.26 (calculated at the rate of 10% for a period of 2 years, the estimated time for completion of the proceedings in London).

18. Upon information and belief, and after investigation, the Defendants identified in this action cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiffs are informed that Defendants have, or will shortly have, assets within this District comprising of, *inter alia*, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendants (hereinafter, "ASSETS"), including but not limited to ASSETS in either of their name, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

WHEREFORE, Plaintiff prays:

a. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against it;

b. That since Defendants cannot be found within this District pursuant to Supplemental Rule B, that all assets of Defendants up to and including the sum of **$ 448,226.89** may be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, pre-approved loan commitments or assets earmarked for a share purchase and/or other assets of, belonging to, due or for the benefit of the Defendants including but not limited to such assets as may be held, received or transferred in their names or either of them as may be held, received or transferred for its benefit at, through, or within

the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any judgment or award entered against the Defendant in the London proceedings; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       June 18, 2008

>                   FREEHILL HOGAN & MAHAR, LLP
>                   Attorneys for Plaintiff
>
>                   By: _____
>                   Peter J. Gutowski (PG 2200)
>                   Pamela Schultz (PS 8675)
>                   80 Pine Street
>                   New York, NY  10005
>                   (212) 425-1900
>                   (212) 425-1901 fax

NYDOCS1/307015.1                      5

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

PETER J. GUTOWSKI, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiffs in this action, I have read the foregoing Amended Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entities, none of whose officers are presently within this Judicial District.

_____
Peter J. Gutowski

Sworn to before me this
18th day of June 2008

_____
Notary Public

Lisa M. Morales
Notary Public, State of New York
No. 01MO6162004
Qualified in the Bronx
Commission Expires Feb. 26, 2011

NYDOCS1/307015.1

6