332-08/PJG
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

BELOVED ENTERPRISES LIMITED,                              **08 CV**
                                        Plaintiff,

                                                         **SCHULTZ AFFIDAVIT**

            -against –

PROJECTOR S.A., PROJECTOR ASIA,
PTE. LTD. and PROJECTOR SERVICES LTD.,
                                        Defendants.
-------------------------------------------------------------x

      PAMELA L. SCHULTZ, being duly sworn, deposes and says as follows:

      1.    I am a member of the Bar of the United States District Court, Southern District of New York, admitted to practice before this Court and I am an attorney associated with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff herein.

      2.    This Affidavit is submitted pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure (see paragraphs 3-4, below) and in support of Plaintiff's application pursuant to Rule 4(c) of the Federal Rules of Civil Procedure (see paragraphs 5-9, below).

      3.    Deponent has made an investigation and deponent believes that based upon the results of this investigation, that Defendants are corporations or other business entities that cannot be "found" within this District for the purpose of an attachment under Rule B. In support of this position, deponent has conducted the following investigation:

      (a)    Deponent contacted the office of the New York Department of State, Division of Corporations on June 18, 2008, via the official Department of State website at

NYDOCS1/307071.1

http://www.dos.state.ny.us and conducted a search for the Defendants and the search results indicated that Defendants are not a New York corporations, nor licensed, authorized or registered to do business in the State of New York as either domestic or international corporations.    I note that one of the named defendants is "Projector Services Ltd.", and I did find a listing for a "Projector Services, Inc." located at 3 East 80th Street in New York, New York.  However, when I called the telephone number affiliated with that address, 212-988-5140, it was no longer in service.   I believe these two entities are different entities.

(b)    Deponent consulted with Directory Assistance for New York on June 19, 2008 for area codes (212), (347), (718), (917), (646), (914), and (845) and no listing for the Defendants was located;

(c)    Deponent reviewed the Journal of Commerce (Business Directory) Transportation Telephone Tickler, 2008 Edition (Vol. 1 New York Metropolitan Area) and no listing was found for the Defendants;

(d)    Deponent accessed on June 18, 2008 through MSN and Yahoo! Search engines the yellow pages telephone directory database and found no listing in that database for any offices or agents of the Defendants within this district.  I note that my Yahoo! Search showed a telephone listing for "Projector Services, Inc." at the disconnected telephone number referred to in paragraph (a) above.

(e)    Deponent is unaware of any general or managing agent(s) within this District for the Defendants.

4.    Based upon the foregoing, your deponent submits that the Defendants cannot be "found" within this District for the purpose of an attachment pursuant to Rule B and seeks an

order of attachment against such tangible and intangible property of the Defendants as may be found within this District up to and including the amount of the claim as specified in the Verified Complaint.

5.      Plaintiff also applies, pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Robert Ridenour, Joan Sorrentino, Christina Gargano, Barbara G. Carnevale or any other partner, associate, paralegal or other agent of Freehill Hogan & Mahar LLP, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment issued pursuant to FRCP Supplemental Rule B upon the named garnishee(s) as well as any other garnishee(s) who (based upon information developed subsequent hereto) may hold assets of, for, or on behalf of the Defendant.

6.      Plaintiff is desirous of serving the Process of Attachment and Garnishment on the garnishee(s) with all deliberate speed so that it will be fully protected against the possibility of not being able to satisfy a judgment that may ultimately be entered by Plaintiff against the Defendant.

7.      To the extent this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it simply involves delivery of the process to the respective garnishee(s).

8.      Plaintiff also requests that the Court grant it leave to serve any additional garnishee(s) who may be discovered in the course of this litigation to be holding property of the Defendant within this District. By obtaining leave at this time to serve these other possible garnishees, it will facilitate prompt service of the Process without the need to return to the Court for permission to amend the process simply to name other garnishees.

9.    In addition, and to avoid the need to repetitively serve the garnishees/banking institutions, Plaintiff respectfully seeks leave, as embodied in the accompanying Order, for any process served on a garnishee to be deemed effective and continuous throughout any given day on which process is served and up through the end of the next business day, providing service is made the next business day, and authorizing service by facsimile or email following an initial service of the process by hand, and to deem such facsimile or email service as being accomplished within this District if such service is transmitted or initiated from within the District.

_____
PAMELA L. SCHULTZ

Sworn to before me this
19th day of  June 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/10